MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARIO IXEHUATL, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td></td><td style="text-align:center">*Plaintiff,*</td><td style="text-align:center">**COMPLAINT**</td></tr>
<tr><td></td><td style="text-align:center">-against-</td><td style="text-align:center">**COLLECTIVE ACTION UNDER 29**<br>**U.S.C. § 216(b)**</td></tr>
<tr><td></td><td></td><td style="text-align:center">**ECF Case**</td></tr>
</table>

215 SOHO CAFE CORP.  (D/B/A SOHO
CAFE & GRILL), 8312 SOHO CAFE CORP.
(D/B/A SOHO CAFE & GRILL), JOSE
ZOSAYAS, and VICTOR DOE,

*Defendants.*

--------------------------------------------------------X

Plaintiff Mario Ixehuatl ("Plaintiff Ixehuatl" or "Mr. Ixehuatl"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 215 Soho Cafe Corp. (d/b/a Soho Cafe & Grill), 8312 Soho Cafe Corp. (d/b/a Soho Cafe & Grill), ("Defendant Corporations"), Jose Zosayas and Victor Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1. Plaintiff Ixehuatl is a former employee of Defendants 215 Soho Cafe Corp. (d/b/a Soho Cafe & Grill), 8312 Soho Cafe Corp. (d/b/a Soho Cafe & Grill), Jose Zosayas, and Victor Doe.

2. Defendants own, operate, or control a cafe, located at 8312 Fifth Avenue, Brooklyn, New York 11209 under the name "Soho Cafe & Grill."

3. Upon information and belief, individual Defendants Jose Zosayas and Victor Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Ixehuatl was employed as a delivery worker at the restaurant located at 8312 Fifth Avenue, Brooklyn, New York, 11228.

5. Plaintiff Ixehuatl was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing, twisting and tying up cardboard boxes, sweeping and mopping the restaurant and the basement, taking out the garbage, carrying down deliveries and stocking it in the basement, bringing up items from the basement for the kitchen, stocking the refrigerators, cleaning the bathroom, cleaning the grills, cleaning refrigerators and filters in the bell in the kitchen (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff Ixehuatl worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Ixehuatl appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Ixehuatl the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants employed and accounted for Plaintiff Ixehuatl as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10. Regardless, at all relevant times, Defendants paid Plaintiff Ixehuatl at a rate that was lower than the required tip-credit rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Ixehuatl's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Ixehuatl's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Ixehuatl at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still  failed to do).

13. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Ixehuatl's and other tipped employees' tips and made unlawful deductions from Plaintiff Ixehuatl's and other tipped employees' wages.

14. Defendants' conduct extended beyond Plaintiff Ixehuatl to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ixehuatl and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.      Plaintiff Ixehuatl now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.      Plaintiff Ixehuatl seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ixehuatl's state law claims under 28 U.S.C. § 1367(a).

19.       Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a cafe located in this district. Further, Plaintiff Ixehuatl was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.      Plaintiff Mario Ixehuatl ("Plaintiff Ixehuatl" or "Mr. Ixehuatl") is an adult individual residing in Queens County, New York.

4

21.     Plaintiff Ixehuatl was employed by Defendants at Soho Cafe & Grill from approximately March 2015 until on or about August 25, 2017.

22.     Plaintiff Ixehuatl consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled a cafe, located at 8312 Fifth Avenue, Brooklyn, New York 11209 under the name "Soho Cafe & Grill."

24.     Upon information and belief, 215 Soho Cafe Corp. (d/b/a Soho Cafe & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 8312 Fifth Avenue, Brooklyn, New York, 11228.

25.     Upon information and belief, 8312 Soho Cafe Corp. (d/b/a Soho Cafe & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 8312 Fifth Avenue, Brooklyn, New York 11209.

26.     Defendant Jose Zosayas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose Zosayas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jose Zosayas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of

Defendants, including Plaintiff Ixehuatl, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Victor Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Victor Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Victor Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ixehuatl, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate a cafe located in the Bay Ridge section of Brooklyn in New York City.

29.     Individual Defendants, Jose Zosayas and Victor Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Ixehuatl's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ixehuatl, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Ixehuatl (and all similarly situated employees) and are Plaintiff Ixehuatl's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Ixehuatl and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendant Jose Zosayas operates Defendant Corporations as either alter egos of themselves and/or fails to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporations for his own benefit as the sole or majority shareholder,

   e)  operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

   f)  intermingling assets and debts of his own with Defendant Corporations,

   g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

   h)  Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Ixehuatl's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ixehuatl, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ixehuatl's services.

36.     In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or his enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Ixehuatl is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Ixehuatl seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mario Ixehuatl*

40.     Plaintiff Ixehuatl was employed by Defendants from approximately March 2015 until on or about August 25, 2017.

41.     Defendants ostensibly employed Plaintiff Ixehuatl as a delivery worker.

42.     However, Plaintiff Ixehuatl was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Ixehuatl ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Ixehuatl regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Ixehuatl's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Ixehuatl regularly worked in excess of 40 hours per week.

47.     From approximately March 2015 until on or about August 25, 2017, Plaintiff Ixehuatl worked from approximately 9:00 a.m. until on or about 10:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 6:00 p.m., on Sundays (typically 76 hours per week). For a period of his employment, Defendants paid Plaintiff Ixehuatl his wages in cash and for another period they paid him by check.

48.     From approximately March 2015 until on or about August 25, 2017, Defendants paid Plaintiff Ixehuatl a fixed salary of $270 per week.

49.     Plaintiff Ixehuatl's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.     For example, Defendants required Plaintiff Ixehuatl to continue working an additional hour past his scheduled departure time everyday, and did not pay him for the additional time he worked.

51.     Plaintiff Ixehuatl was never notified by Defendants that his tips were being included as an offset for wages.

52.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ixehuatl's wages.

53.     Defendants withheld a portion of Plaintiff Ixehuatl's tips; specifically, Defendants withheld a percentage of the tips customers paying with credit cards wrote in for Plaintiff Ixehuatl.

For a period of his employment withdefendants, Plaintiff Ixehuatl was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.     Although, for a period of time during his employment  Plaintiff Ixehuatl was required to keep track of his time, Defendants required him to record fewer hours than he actually worked.

55.     Specifically, defendants required Plaintiff Ixehuatl to punch out at 9:00 p.m. (closing time), and continue working one hour after that. As a result, Plaintiff Ixehuatl was not compensated for all of the hours that he worked.

56.     On a number of occasions, Defendants required Plaintiff Ixehuatl to sign a document, the contents of which he was not allowed to review in detail.

57.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ixehuatl regarding overtime and wages under the FLSA and NYLL.

58.     Defendants did not provide Plaintiff Ixehuatl an accurate statement of wages, as required by NYLL 195(3).

59. Defendants did not give any notice to Plaintiff Ixehuatl, in English and in Spanish (Plaintiff Ixehuatl's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. Defendants required Plaintiff Ixehuatl to purchase "tools of the trade" with his own funds—including one bicycle, four sets of wheels, forty-eight sets of breaks, and maintenance for the bicycle every six months.

*Defendants' General Employment Practices*

61. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ixehuatl (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62. Plaintiff Ixehuatl was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63. Defendants' pay practices resulted in Plaintiff Ixehuatl not receiving payment for all his hours worked, and resulted in Plaintiff Ixehuatl's effective rate of pay falling below the required minimum wage rate.

64. Defendants habitually required Plaintiff Ixehuatl to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

65. Defendants required Plaintiff Ixehuatl and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

66.  Plaintiff Ixehuatl and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

67.  Plaintiff Ixehuatl's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

68.  Plaintiff Ixehuatl and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

69.  However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Ixehuatl's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

70.  New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

71.  In violation of federal and state law as codified above, Defendants classified  Plaintiff Ixehuatl and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.  Defendants failed to inform Plaintiff Ixehuatl who received tips that Defendants intended to take a deduction against Plaintiff Ixehuatl's earned wages for tip income, as required by the NYLL before any deduction may be taken.

73. Defendants failed to inform Plaintiff Ixehuatl who received tips, that his tips were being credited towards the payment of the minimum wage.

74. Defendants failed to maintain a record of tips earned by Plaintiff Ixehuatl who worked as a delivery worker for the tips he received.Defendants' time keeping system did not reflect the actual hours that Plaintiff Ixehuatl worked.

75. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Ixehuatl who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

76. Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

77. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

78. Defendants' time keeping system did not reflect the actual hours that Plaintiff Ixehuatl worked.

79. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

80. For a period of his employment, defendants paid Plaintiff Ixehuatl his wages in cash.

81. On a number of occasions, Defendants required Plaintiff Ixehuatl to sign a document the contents of which he was not allowed to review in detail.Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

82. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ixehuatl (and similarly situated individuals) worked, and to avoid paying Plaintiff Ixehuatl properly for his full hours worked.

83. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ixehuatl and other similarly situated former workers.

85. Defendants failed to provide Plaintiff  Ixehuatl and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86. Defendants failed to provide Plaintiff Ixehuatl and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.   Plaintiff Ixehuatl brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88.  At all relevant times, Plaintiff Ixehuatl and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

89.  The claims of Plaintiff Ixehuatl stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

90. Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff Ixehuatl's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Ixehuatl (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

92. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94.     Defendants failed to pay Plaintiff Ixehuatl (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95. Defendants' failure to pay Plaintiff Ixehuatl (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96. Plaintiff Ixehuatl (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97. Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

98.  Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ixehuatl (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.  Defendants' failure to pay Plaintiff Ixehuatl (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100. Plaintiff Ixehuatl (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

101.  Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

102. At all times relevant to this action, Defendants were Plaintiff Ixehuatl's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Ixehuatl, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

103. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ixehuatl less than the minimum wage.

104. Defendants' failure to pay Plaintiff Ixehuatl the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105. Plaintiff Ixehuatl was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

106.  Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

107. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ixehuatl  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108. Defendants' failure to pay Plaintiff Ixehuatl overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109. Plaintiff Ixehuatl was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

110.  Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

111. Defendants failed to pay Plaintiff Ixehuatl one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ixehuatl's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

112. Defendants' failure to pay Plaintiff Ixehuatl an additional hour's pay for each day PlaintiffIxehuatl's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

113. Plaintiff Ixehuatl was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

114. Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

115. Defendants failed to provide Plaintiff Ixehuatl with a written notice, in English and in Spanish (Plaintiff Ixehuatl's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

116. Defendants are liable to Plaintiff Ixehuatl in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

117. Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth herein.

118. With each payment of wages, Defendants failed to provide Plaintiff Ixehuatl with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay;

the overtime rate or rates of pay; the number of regular hours worked; and the number of

overtime hours worked, as required by NYLL 195(3).

119. Defendants are liable to Plaintiff Ixehuatl in the amount of $5,000, together with costs

and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

120. Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth

herein.

121. Defendants required Plaintiff Ixehuatl to pay, without reimbursement, the costs and

expenses for purchasing and maintaining equipment and "tools of the trade" required to

perform  his job, further reducing  his wages in violation of the FLSA and NYLL.  29

U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122. Plaintiff Ixehuatl was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

123. Plaintiff Ixehuatl repeats and realleges all paragraphs above as though fully set forth

herein.

124. At all relevant times, Defendants were Plaintiff Ixehuatl's employers within the meaning

of the N.Y. Lab. Law §§ 2 and 651.

125. New York State Labor Law § 196-d prohibits any employer or his agents, including

owners and managers, from demanding or accepting, directly or indirectly, any part of

the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

126. Defendants unlawfully misappropriated a portion of Plaintiff Ixehuatl's tips that were received from customers.

127. Defendants knowingly and intentionally retained a portion of Plaintiff Ixehuatl's tips in violations of the NYLL and supporting Department of Labor Regulations.

128. Plaintiff Ixehuatl was damaged in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ixehuatl respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ixehuatl and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ixehuatl and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ixehuatl's and

the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ixehuatl and the FLSA Class members;

(f)     Awarding Plaintiff Ixehuatl and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Ixehuatl and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ixehuatl;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ixehuatl;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Ixehuatl;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ixehuatl's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Ixehuatl;

(m)     Awarding Plaintiff Ixehuatl damages for the amount of unpaid minimum wage and

overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiff Ixehuatl damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Ixehuatl liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Ixehuatl and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Ixehuatl and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Ixehuatl demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 2, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

May 21, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Mario Ixehuatl

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     20 de Mayo 2020